IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
CHAMPAIGN, ILLINOIS

| | | |
|---|---|---|
| DAVID C. HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | Case 2:14-cv-02170 |
| | ) | |
| MARK MASSE and CARLE FOUNDATION HOSPITAL, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants, | ) | |

**FIRST AMENDED COMPLAINT**

**I.  PARTIES**

NOW COMES the Plaintiff, DAVID C. HILL, by and through WILLIAM R. TAPELLA, of TAPELLA & EBERSPACHER LLC, his attorneys, and for his First Amended Complaint against the Defendants, MARK MASSE, and CARLE FOUNDATION HOSPITAL, states:

1.   The Plaintiff, DAVID C. HILL, resides in Crofton, Christian County, Kentucky, and is a citizen of Kentucky and the United States of America.

2.   At all times relevant to the issues raised in this First Amended Complaint, MARK MASSE was a resident of Mattoon, Coles County, Illinois, and was a citizen of Illinois and the United States of America.

3.   At all times relevant to the issues raised in this First Amended Complaint, MARK MASSE was a physical therapist and licensed to practice physical therapy by the State of Illinois.

4.   At all times relevant to the issues raised in this First Amended Complaint, MARK MASSE practiced physical therapy in Charleston, Coles County, Illinois, as the actual and/or apparent agent of CARLE FOUNDATION HOSPITAL.

5. At all times relevant to the issues raised in this First Amended Complaint, CARLE FOUNDATION HOSPITAL operated as an Illinois Not-For-Profit Corporation engaged in the business of providing healthcare services, including physical therapy services, in central Illinois, with its principal place of business in Urbana, Champaign County, Illinois.

## II.   JURISDICTION

6. The jurisdiction of this Court is predicated upon diversity of citizenship jurisdiction pursuant to 28 U.S.C. §1332(a)(1).

7. The matter in controversy exclusive of interest and cost, exceeds the sum specified by 28 U.S.C. §1332, Seventy-Five Thousand Dollars ($75,000.00).

## III.   VENUE

8. Pursuant to 28 U.S.C. §1391(a), venue for this action is proper in the United States District Court for the Central District of Illinois, in that Defendant, CARLE FOUNDATION HOSPITAL is in Champaign County, Illinois, the Defendant, MARK MASSE, resides in Coles County, Illinois, and the acts or omissions giving rise to this claim occurred in Coles County, Illinois.

## IV.   COUNT I  vs.  MARK MASSE

NOW COMES the Plaintiff, DAVID C. HILL, by WILLIAM R. TAPELLA, by TAPELLA & EBERSPACHER LLC, his attorneys, and for Count I of his First Amended Complaint against the Defendant, MARK MASSE, states:

9. The Plaintiff first presented to MARK MASSE, for care and treatment on or about March 10, 2008, for the purpose of rehabilitating the Plaintiff's left shoulder following left rotator cuff repair surgery.  The Defendant, MARK MASSE, continued to provide care and

treatment for the Plaintiff's left shoulder through July 29, 2008.

10. At all times relevant to the issues raised in this complaint, MARK MASSE held himself out and impliedly represented that he possessed and would apply the knowledge and use the skill and care ordinarily used by a reasonably, well qualified physical therapist.

11. Notwithstanding the implied representation of the Defendant, MARK MASSE, as aforesaid, on and prior to July 29, 2008, the Defendant committed one, or more, or a combination of the following negligent acts or omissions, to wit:

    A. Engaged the Plaintiff in physical therapies that were not appropriate to the Plaintiff's condition;

    B. On or about May 29, 2008, changed the therapies to be performed during physical therapy to include progressive resistance exercise, or weight training, and did so without first working progressively with the Plaintiff, from no weight or lighter weights to heavy weights;

    C. On or about July 3, 2008, initiated box lift exercise which were inappropriate to the Plaintiff's condition, or, in the alternative, instituted box lift exercises at weights that were greater than appropriate for the Plaintiff's condition; and

    D. After recognizing that the Plaintiff was "challenged by current progression" and that the Plaintiff "continued to have some weakness in his left shoulder" and the Plaintiff experienced soreness and weakness in the left shoulder, as a result of the exercises and weights used in therapy, the Defendant failed to withdraw exercises and lifting from the Plaintiff's physical therapy regimen.

12. As a direct and proximate result of one or more, or a combination of the negligent and careless acts or omissions of the Defendant, MARK MASSE, as aforesaid, the Plaintiff, DAVID C. HILL, on or about July 14, 2008, or in the alternative on or about July 16, 2008, suffered a tear to the rotator cuff in the Plaintiff's left shoulder. Despite injury on or about July 14, 2008, or in the alternative on or about July 16, 2008, Defendant, MARK MASSE, continued to engage in physical therapy inappropriate for Plaintiff's condition through July 29, 2008.

13. As a direct and proximate result of the tear in the Plaintiff's left rotator cuff, caused by the Defendant's negligence, the Plaintiff has suffered great pain and mental anguish, has been unable to return to work and has lost wages and will in the future continue to lose wages, has incurred significant medical bills and will in the future continue to incur significant medical bills, has been unable to engage in his activities or normal life and remains unable to engage in activities in normal life.

WHEREFORE, the Plaintiff, DAVID C. HILL, prays that this Court enter a judgment in his favor and against the Defendant, MARK MASSE, as follows:

    A. Compensatory damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00); and

    B. For such other relief as this Court deems just and appropriate.

### V. COUNT II vs. CARLE FOUNDATION HOSPITAL

NOW COMES the Plaintiff, DAVID C. HILL, by WILLIAM R. TAPELLA, by TAPELLA & EBERSPACHER LLC, his attorneys, and for Count II of his First Amended Complaint against the Defendant, CARLE FOUNDATION HOSPITAL, states:

14. The Plaintiff first presented to CARLE FOUNDATION HOSPITAL, for physical therapy on or about March 10, 2008, for the purpose of rehabilitating the Plaintiff's left shoulder following left rotator cuff repair surgery. The Defendant, CARLE FOUNDATION HOSPITAL, continued to provide physical therapy services for the Plaintiff's left shoulder through July 29, 2008.

15. At all times relevant to the issue raised in this complaint, the Defendant, CARLE FOUNDATION HOSPITAL, held out and impliedly represented that MARK MASSE possessed and would apply the knowledge and use the skill and care ordinarily used by a reasonably, well qualified physical therapist.

16. Notwithstanding the implied representations of the Defendant, CARLE FOUNDATION HOSPITAL, the Defendant, by and through its actual and apparent agent, MARK MASSE, acting within the scope of this employment, committed one, or more, or a combination of the following negligent acts or omission, to wit:

    A. Engaged the Plaintiff in physical therapies that were not appropriate to the Plaintiff's condition;

    B. On or about May 29, 2008, changed the therapies to be performed during physical therapy to include progressive resistance exercise, or weight training, and did so without first working progressively with the Plaintiff, from no weight or lighter weights to heavy weights;

    C. On or about July 3, 2008, initiated box lift exercise which were inappropriate to the Plaintiff's condition, or, in the alternative, instituted box lift exercises at weights that were greater than appropriate for the Plaintiff's condition; and

D.  After recognizing that the Plaintiff was "challenged by current progression" and that the Plaintiff "continued to have some weakness in his left shoulder" and that the Plaintiff experienced soreness and weakness in the left shoulder, as a result of the exercises and weights used in therapy, the Defendant failed to withdraw exercise and lifting from the Plaintiff's physical therapy regimen.

17. As a direct and proximate result of one or more, or a combination of the negligent and careless acts or omissions of the Defendant, CARLE FOUNDATION HOSPITAL, acting by and through its actual and or apparent agent, MARK MASSE, who was acting within the scope of his employment, the Plaintiff, DAVID C. HILL, suffered a tear to the rotator cuff in the Plaintiff's left shoulder on or about July 14, 2008, or in the alternative on or about July 16, 2008. Despite injury on or about July 14, 2008, or in the alternative or on or about July 16, 2008. Defendant, MARK MASSE, continued to engage in physical therapy inappropriate for Plaintiff's condition through July 29, 2008.

18. As a direct and proximate result of the tear in the Plaintiff's left rotator cuff, caused by the defendant's negligence, the Plaintiff has suffered great pain and mental anguish, has been unable to return to work and has lost wages and will in the future continue to lose wages, has incurred significant medical bills and will in the future continue to incur significant medical bills, has been unable to engage in his activities of normal life and remain unable to engage in activities in normal life.

WHEREFORE, the Plaintiff, DAVID C. HILL, prays that this Court enter a judgment in his favor and against the Defendant, CARLE FOUNDATION HOSPITAL, as follows:

A. Compensatory damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00); and

B. For such other relief as this Court deems just and appropriate.

DATED this 17th day of July 2014.

        DAVID C. HILL, Plaintiff

        s/William R. Tapella
        William R. Tapella Bar Number: 6220468
        Attorney for Plaintiff
        Tapella & Eberspacher LLC
        P.O. Box 627
        Mattoon, IL 61938-0627
        T: (217) 639-7800
        F: (217) 639-7810
        tapella@foryourjustice.com
        bw.7.17.14 #5-3096.0000